# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3747 | **DATE** | 6/22/12 |
| **CASE TITLE** | United States of America ex rel. Duane Edwards (K60859) vs. Warden Marc Hodge | | |

**DOCKET ENTRY TEXT**

Petitioner has paid the filing fee. The habeas corpus petition [1], is dismissed for want of subject matter jurisdiction because it is an unauthorized second or successive petition. 28 U.S.C. 2244(b). The Court declines to issue a certificate of appealability. 28 U.S.C. 2253(c). Petitioner's motion for substitution of judge [5] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Pro se petitioner Duane Edwards, a prisoner at the Lawrence Correctional Center, has brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
   Petitioner's challenged state court conviction arises from a May 3, 1999 sexual assault of his wife, Dorothy Edwards. *Edwards v. Ryker*, 520 F. Supp. 2d 941, 943 (N.D. Ill. 2007). The Edwards had separated, and were in the process of getting divorced. *Id*.
   Petitioner previously brought a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging this state criminal conviction in this Court. *Edwards v. Ryker*, No. 06 C 4271 (N.D. Ill.) (Bucklo, J.). This Court denied the habeas corpus on the merits on April 25, 2007. *Edwards*, 520 F. Supp. at 953. The Seventh Circuit denied petitioner's request for a certificate of appealability ending the habeas corpus proceedings. *Edwards v. Ryker*, No. 07-2838 (7th Cir. Feb. 28, 2008) (unpublished order). (Petitioner did not seek a petition for a writ of certiorari in the Supreme Court.)
   Following the end of his federal habeas corpus review, petitioner brought a new round of proceedings in the Illinois state courts. *See* No. 12 C 2356, Dkt. No. 1 at 23, *Illinois v. Edwards*, No. 3-10-0602 (Ill. App. Ct. Jan. 4, 2012) (Rule 23 Order).
   Petitioner then filed a second habeas corpus petition in this Court. *Edwards v. Hodge*, Case No. 12 C 2356. On April 19, 2012, Petitioner's second habeas corpus was dismissed for lack of subject matter jurisdiction because he had not received prior approval from the Court of Appeals to bring a second or successive habeas corpus petition. *See* 28 U.S.C. § 2244(b)(2). Petitioner did not appeal that dismissal.
   Petitioner now returns to this Court with the present third habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. As with his second habeas corpus petition, the Court lacks jurisdiction over his third habeas corpus petition.
   A district court lacks subject matter jurisdiction to adjudicate an unauthorized second or successive habeas corpus petition. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011). A prisoner is limited to one merits challenge to his state court

| STATEMENT |
|---|
| judgment. *Magwood v. Patterson*, 130 S Ct. 2788, 2796 (2010); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). A prisoner must receive prior approval from the Court of Appeals to bring a second or successive habeas corpus petition. 28 U.S.C. § 2244(b)(2).<br><br>    The Court has reviewed the Seventh Circuit docket and did not locate an order authorizing the present second habeas corpus petition. Petitioner does not reference any prior approval for his present petition. Thus, the Court dismisses the present habeas corpus petition for want of subject matter jurisdiction as it is an unauthorized second or successive habeas corpus petition. 28 U.S.C. § 2244(b). The Court declines to issue a certificate of appealability because no reasonable jurist would debate the dismissal of the petition as an unauthorized second or successive petition. 28 U.S.C. 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.<br><br>    Lastly, petitioner also seeks for a substitution of judge to hear the instant matter. Petitioner argues that this Court "usurped" its power by dismissing his second habeas corpus petition for lack of jurisdiction. Petitioner's disagreement with the Court's previous ruling does not constitute grounds for substitution of a different judge. |